Anami v. Mirikidani, 21 Haw. 489.

# H. ANAMI *v.* H. MIRIKIDANI.

## ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 5, 1913.          DECIDED MARCH 17, 1913.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

LANDLORD AND TENANT—*agreement to assign lease—covenant to repair.*
M, a lessee under a lease containing a covenant to repair, enters
into a written agreement with N to assign the lease for $250,
payable in installments, and upon full payment, being made, the
assignment to be executed. N enters into possession of the prem-
ises by virtue of the agreement to assign, under the terms of
which he is bound to observe the covenant to repair. For failure
to repair, the landlord in an action for summary possession against
M, recovers possession of the premises, whereupon N brings an
action against M to recover the sum of $150, being part of the
purchase price, paid by him to M, pursuant to the agreement to
assign. Held, the action cannot be maintained, the forfeiture
and cancellation of the lease, with the consequent loss of posses-
sion to N, being, as the court assumes, the direct result of his
own failure to observe the covenant to repair.

### OPINION OF THE COURT BY DE BOLT, J.

This is a writ of error to the circuit court of the first circuit
to review a judgment entered in an action of assumpsit, where-
in H. Anami, the defendant in error, was the plaintiff and H.
Mirikidani, the plaintiff in error, was the defendant. The ac-
tion was brought by the plaintiff, Anami, to recover from the
defendant, Mirikidani, the sum of one hundred and fifty dol-
lars for money paid by the plaintiff to the defendant pursuant
to a written agreement to assign a lease.

Trial was had and at the conclusion of the evidence the court
directed a verdict for the plaintiff for the amount sued for and
judgment was entered accordingly.

The record shows that on August 21, 1912, the plaintiff and
the defendant entered into a written agreement whereby the
defendant as the lessee of certain premises agreed to sell and

assign and the plaintiff agreed to purchase the lease of the premises for the sum of two hundred and fifty dollars, of which purchase price, the sum of fifty dollars was paid before the execution of the agreement to assign and the remaining sum of two hundred dollars, according to the terms of the agreement to assign, was to be paid as follows: One hundred dollars on September 10, 1912, and one hundred dollars on September 30, 1912. The plaintiff, however, only made one of these payments, that of September 10, 1912, leaving one hundred dollars of the agreed purchase price unpaid.

The agreement to assign further provided that "When full payment shall have been received, said party of the first part" (Mirikidani) "agrees to execute and deliver to said party of the second part" (Anami) "an assignment of said lease. And the party of the second part hereby covenants and agrees with the party of the first part that he, the said party of the second part, will pay the rent reserved in said lease and will observe and perform all covenants in said lease contained on the part of the lessee to be kept and performed and will save and hold harmless and indemnify said party of the first part against all loss or damage which he may sustain by reason of any failure on the part of said party of the second part to observe and keep all covenants in said lease contained on the part of the lessee to be kept and performed. In case of forfeiture, the said party of the second part will surrender this contract upon demand and allow the said party of the first part to take immediate possession of said premises together with all improvements thereupon without recourse to law."

Among the covenants contained in the lease, on the part of the lessee to be kept and performed, were the covenants "that he will not, without the consent in writing of the" landlord, "assign this lease," and "that he will, at his own cost and expense, during said term, keep and maintain said premises and all buildings, fences and additions thereto in good and substantial repair and condition."

The record further shows that upon the execution of the agreement to assign the plaintiff went into possession of the premises; that he remained in possession about one month; that he collected the accruing rents, amounting to about sixty-two dollars; that he paid sixty dollars, one month's rent for the premises, presumably to the landlord.

The theory upon which the plaintiff proceeded in the court below, and which the trial court adopted as the correct theory, was, that because the landlord would not consent to the execution of the formal assignment of the lease, the agreement to assign could not be carried out, and hence, it was not incumbent upon him to perform the covenants of the lease, and that he was entitled to recover the money paid by him to the defendant pursuant to the agreement to assign.

In opposition to the plaintiff's theory the defendant, at the trial, made the following offers of proof, which the court rejected, namely: (1) That prior to the execution of the agreement to assign, and after the price had been agreed upon, it was discovered by the plaintiff that the premises were in bad repair, and that the purchase price was reduced on the understanding that certain repairs should be made by the plaintiff, and thereafter kept in repair by him at his own expense according to the covenants of the lease; (2) that on September 17, 1912, the landlord notified the defendant in writing that he, the defendant, had failed to keep the covenant to repair, and that he, the landlord, had elected to determine the lease and demanded immediate possession; (3) that upon receipt by the defendant of the notice to repair he informed the plaintiff thereof and requested him to place the premises in good repair in accordance with the terms of the lease which had been assumed by him; (4) that the plaintiff failed, neglected and refused to put the premises in good repair; (5) that on or about September 28, 1912, in the district court of Honolulu, for failure to repair, judgment was rendered in favor of the landlord and against the defendant for the summary possession of the

premises, and that a writ of possession issued thereon;. (6) that the plaintiff was notified of the pendency of the suit for summary possession.

The errors assigned by the defendant are: That the court erred in rejecting each of the six offers of proof made by him; that the court erred in directing a verdict for the plaintiff; that the judgment entered was and is contrary to the law.

In the view we take of the case the court committed prejudicial error in rejecting the offers of proof and in directing a verdict for the plaintiff. It follows that the judgment entered must be reversed.

Not only did the plaintiff take possession of the premises upon the execution of the agreement to assign, but the agreement itself contemplated that he was to have immediate possession. Thus, to all intents and purposes the plaintiff was in possession as assignee as between himself and the defendant, which possession consummated his obligation, as well as his liability, to the defendant to keep and to perform the covenants of the lease.

Assuming the facts to be as suggested by the offers of proof, the forfeiture and cancellation of the lease, with the consequent loss of possession to the plaintiff, being the direct result of his own failure to observe the covenant to repair, he is not entitled to recover against the defendant. If the facts are as the defendant claims, to permit the plaintiff to recover against him for the money paid pursuant to the terms of the agreement to assign, would be permitting the plaintiff to profit by his own wrong.

It does not appear that the landlord objected to the possession of the premises by the plaintiff, or that he would not have given his consent to the assignment of the lease at the proper time, if the covenant to repair had been kept. He, apparently, acquiesced in the possession by the plaintiff, objecting only to the failure to repair. Thus viewing the case, it is apparent that the inability of the defendant to execute the formal assign-

Anami v. Mirikidani, 21 Haw. 489.

ment of the lease was not brought about by a refusal of the landlord to consent thereto, but by the failure of the plaintiff to live up to his agreement to observe the covenant to repair as contained in the lease, which failure on his part, if true, resulted in the forfeiture and cancellation of the lease, thereby depriving the defendant of all power to make the formal assignment.

The verdict therefore is set aside, the judgment entered thereon reversed, and a new trial granted. The cause is remanded for such further proceedings as may be proper.

Lorrin Andrews and Eugene Murphy for plaintiff.

J. Lightfoot for defendant.